UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN R. CAILLOUETTE and
CHERYL ANN CAILLOUETTE,

    Plaintiffs,                                                 Case No. 11-cv-10204
                                                                 Hon. Gerald E. Rosen
v.

WELLS FARGO BANK N.A. and
GREATER ATLANTIC MORTGAGE CORPORATION,[1]

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on           March 27, 2012

                PRESENT:    Honorable Gerald E. Rosen
                                      Chief Judge, U.S. District Court

INTRODUCTION

       This matter is presently before the Court on Defendant Wells Fargo Bank N.A.'s motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiffs Bryan R. Caillouette and Cheryl Ann Caillouette have responded and Defendant has replied. Having reviewed the parties' briefs and supporting evidence, the Court has determined that oral argument would not assist in the resolution of this matter. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1

---

[1] Greater Atlantic Mortgage Corporation was dismissed from this action on April 28, 2011 pursuant to Fed. R. Civ. P. 4(m) for failure to prosecute.

(e)(2), the Court will dispense with any hearing and will decide this motion based on the record as it presently exists, including the brief and exhibits filed by the parties in support of, and in opposition to, Defendant's dispositive motion.

## FACTUAL BACKGROUND

On April 17, 2003, Plaintiffs Bryan R. Caillouette and Cheryl Ann Caillouette borrowed $183,700.00 from Greater Atlantic Mortgage Corporation ("Greater Atlantic" or "GAMC") to refinance their residential mortgage. As security for the loan, Plaintiffs executed a mortgage on their property located at 23051 Murray Street, in Dearborn, Michigan, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Greater Atlantic. On May 27, 2009, MERS assigned the mortgage to Defendant, Wells Fargo Bank N.A. ("Wells Fargo").

Plaintiffs thereafter defaulted on the mortgage and the property was sold at a sheriff's sale on April 28, 2010. Wells Fargo purchased the property at the sheriff's sale for $93,418.00. Pursuant to M.C.L. § 600.3240(8), Plaintiffs had six months to redeem the property. Plaintiffs did not redeem the property during that period, which expired on October 28, 2010. After the expiration of the redemption period, on December 3, 2010, Plaintiffs instituted this action in Wayne County Circuit Court. Defendant Wells Fargo thereafter removed the case to this Court on January 17, 2011 on both federal question and diversity of citizenship grounds.

In their Complaint, Plaintiffs make various allegations concerning the mortgage loan origination and seek to void the foreclosure sale of the property. In Count I, which is captioned, "Fraudulent Misrepresentations," Plaintiffs allege that Greater Atlantic, and Wells Fargo, as Greater Atlantic's assignee, intentionally misrepresented: (1) that the payments Plaintiffs would be making would fully amortize the loan; (2) that they had been provided "required notices and

disclosures that were required by law" and (3) that the conditions of the loan had been fully disclosed to them.

In Count II, Plaintiffs assert that Defendants violated Michigan's Mortgage Brokers, Lenders and Servicer Licensing Act, M.C.L. § 445.1651 *et seq.* (the "MBLSLA"). In Count III, Plaintiffs allege that Defendants breached their contract by making essentially the same misrepresentations forming the basis of Count I of the Complaint. In Count IV, Plaintiffs allege violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). In Count V, Plaintiffs claim a violation of the Home Ownership and Equity Protection Act "(HOEPA").

Count VI is entitled "Quiet Title." In that Count Plaintiffs request that the Court extinguish all claims that Defendants have on the property based on the alleged misrepresentations outlined in Count I. In Count VII, Plaintiffs allege violations of Michigan's foreclosure by advertisement statute, M.C.L. § 600.3204 *et seq.* Lastly, Count VIII contains a plea for injunctive relief to restrain and enjoin Defendants from taking possession of the property.

## APPLICABLE STANDARDS

Defendant Wells Fargo's motion is structured as a Fed. R. Civ. P. 12(b)(6) motion to dismiss and, in the alternative, as a motion for summary judgment under Fed. R. Civ. P. 56. Wells Fargo supports its motion with exhibits outside of the pleadings that are not referenced in Plaintiff's Complaint. Fed. R. Civ. P. 12(d) requires that a motion supported by exhibits outside of those attached to, or referenced in, the Complaint be "treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Therefore, the Court's consideration of the matter will proceed pursuant to Fed. R. Civ. P. 56.

A motion for summary judgment will be granted under Rule 56 if the moving party can show that there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant must use the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A material fact is one that, if true, would affect the outcome of the suit, as determined by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue is one that the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). However, the non-moving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Yet, "the mere existence of a scintilla of evidence that supports the non-moving party's claims is insufficient to defeat summary judgment." *Pack*, 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

Applying the foregoing standards, the Court concludes that Defendant Wells Fargo's motion for summary judgment should be granted as set forth below.

## DISCUSSION

A.  <u>PLAINTIFFS' CLAIMS IN COUNTS I AND III ARE TIME-BARRED.</u>

Plaintiffs' claims in Counts I and III for fraudulent misrepresentation and breach of contract are premised on alleged misrepresentations Plaintiffs claim were made to them when the loan was originated. As indicated, the loan at issue originated on April 17, 2003. Plaintiffs do

4

not contend that the only Defendant left in this suit, Wells Fargo, was present at the loan origination. Instead, Plaintiffs contend that "Defendant Wells Fargo obtained its interest by assignment and its interest is, therefore, subject to the deficiencies and defenses relating to GAMC." Complaint ¶ 21.

Michigan's six-year statute of limitations set forth in M.C.L. § 600.5813 -- not the three-year tort statute, M.C.L. 600.5805(10) relied upon by Defendant -- applies to claims of fraud or misrepresentation *Kwasny v. Driessen*, 42 Mich. App. 442, 202 N.W.2d 443, (1972). The period of limitations begins to run when the alleged wrong was done, not when the alleged fraud or misrepresentation is discovered. *Boyle v. General Motors Corp.*, 468 Mich. 226, 661 N.W.2d 557 (2003).

Breach of contract claims are similarly subject to a six-year period of limitations. *See* M.C.L. § 600.5807(8). As with fraud and misrepresentation claims, a breach of contract claim accrues, and the limitations period begins to run, on the date of the breach, not when the breach is discovered. *Sunresi v. Proctor*, 487 F. Supp. 2d 905 (E.D. Mich.2007), *aff'd*, 286 Fed. Appx. 930 (6th Cir.), *cert. denied*, 129 S.Ct. 1013 (2008).

In this case, Plaintiffs claim that Defendants made fraudulent misrepresentations to them at the time they entered into the mortgage loan agreement and that by making these allegedly fraudulent misrepresentations, Defendants breached the agreement. The mortgage loan agreement was entered into on April 17, 2003. To have been timely, then, Plaintiffs would have had to have filed this action by April 17, 2010. However, Plaintiffs did not file their Complaint until December 3, 2010 – more than seven months after the 6-year statutes of limitations had run. Therefore, Plaintiffs' claims of fraud and misrepresentation and breach of contract are time-

barred. Accordingly, Defendants' motion for summary judgment will be granted on Counts I and III of Plaintiffs' Complaint and those claims will be dismissed.

B.  PLAINTIFFS HAVE FAILED TO STATE A MBLSLA CLAIM AGAINST DEFENDANT WELLS FARGO

In Count II of their Complaint, Plaintiffs claim that Defendants violated the Mortgage Brokers, Lenders and Servicers Licensing Act, M.C.L. § 445.1651 *et seq*. In section 1672, the statute lists actions that can form a violation of the MBLSLA. In pertinent part, this section provides:

> It is a violation of this act for a licensee or registrant to do any of the following:
>
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
>
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.
>
> (c) Intentionally or due to gross or wanton negligence, repeatedly fail to provide borrowers material disclosures of information as required by law.

§ 445.1672 (a)-(c).

Plaintiffs claim that Defendants violated the MBLSLA by engaging in the alleged misrepresentations discussed above [*see* Complaint, ¶¶ 26-29]. However, they have not pled any facts showing how Wells Fargo violated the Act inasmuch as Wells Fargo was not even present at the loan origination, and, as addressed above, Plaintiffs' claims of misrepresentation are predicated entirely on representations allegedly made to them at the time of the loan origination. Further, according to M.C.L. § 445.1675(a), the MBLSLA does not apply to a "depository financial institution." *See* M.C.L. § 445.1651a(f). Depository financial institutions include "state or nationally chartered bank[s]." *Id.* Defendant Wells Fargo is a federally chartered bank. The act, therefore, does not apply to this Defendant. Plaintiffs concede that Wells Fargo is exempt

6

from the MBLSLA [*see* Pls'. Br. in Opp. to Def's Motion 7]. Therefore, Defendant Wells Fargo will be granted summary judgment on Count II, and Plaintiffs' MBLSLA claim against this Defendant will be dismissed for failure to state a claim.

C.    PLAINTIFFS' TILA, HOEPA, AND RESPA CLAIMS ARE TIME BARRED

In Counts IV and V, Plaintiffs claim that Defendant violated the Real Estate Settlement Procedures Act (RESPA), the Truth-in-Lending Act (TILA), and the Home Ownership and Equity Protection Act (HOEPA). Claims for damages under RESPA, TILA, and HOEPA are subject to the statutes of limitations set forth in 15 U.S.C. § 1640 and 12 U.S.C. § 2614.

    1.    The TILA and HOEPA Claims are Barred by a 1-year Statute of Limitations and a 3-year Statute of Repose.

15 U.S.C. § 1640(e) provides, "any action under this section may be brought. . . within one year from the date of the occurrence of the violation." This one-year statute of limitations applies to both TILA and HOEPA claims. *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp.2d 947, 953 (E.D. Mich. 2009); *see also Girgis v. Countrywide Home Loans, Inc.*, 2010 WL 3290985 *6 (N.D. Ohio, Aug. 20, 2010) (Because HOEPA is an amendment to TILA, and the former is incorporated into the latter, the same statute of limitations prescribed under 15 U.S.C. § 1640(e) applies). In the current case, Plaintiffs' claims for damages are based on alleged wrong doings that occurred before or at the closing of the mortgage on April 17, 2003. In order to bring a claim under HOEPA or TILA, Plaintiffs would have had to initiate this action by April 17, 2004. However, Plaintiffs did not file their Complaint in this action until December 3, 2010 -- more than six years after the closing of the loan. As such, Plaintiffs' TILA and HOEPA claims are time-barred.

However, when fraudulent concealment is established the TILA and HOEPA statute of limitations is subject to equitable tolling. *See Mills v. Equicredit Corp.*, 294 F. Supp.2d 903, 908 (E.D. Mich. 2003), aff'd, 172 Fed. Appx 652 (6th Cir. 2006); *Jones v. TransOhio Savs. Ass'n.*, 747 F.2d 1037, 1041 (6th Cir. 1984). To establish fraudulent concealment, a plaintiff must show that "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Mills*, 294 F. Supp. 2d at 908; *see also Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992), *cert. denied*, 507 U.S. 916 (1993).

Plaintiffs have not established that Defendant took any affirmative steps to conceal this cause of action. Plaintiffs' only allegation of concealment is that that Defendants failed to give then required notices and disclosures statements. This alone cannot support equitable tolling. *See e.g. In re Community Bank of Northern Virginia*, 467 F. Supp.2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e., inaccurate loan documents, cannot also satisfy the factual predicate justifying the equitable tolling"). Moreover, Plaintiffs have not demonstrated that despite exercising due diligence, the cause of action could not have been discovered. Therefore, Plaintiffs' TILA and HOEPA claims are time-barred by the statute of limitations.

TILA and HOEPA claims are also subject to a three-year statute of repose. Statutes of repose limit the time in which an action may be brought, regardless of whether the injury has occurred or has been discovered. Pursuant to 15 U.S.C. § 1635(f), "An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the . . . disclosures required under this part have not been delivered to the obligor." Thus, even if the disclosure forms were not given to the plaintiff, an action

seeking rescission of the loan agreement must be brought within three years of the loan closing. In the present case, Plaintiffs did not file their complaint until December 3, 2010, but the closing occurred on April 17, 2003. Thus, more than six years passed between the closing of the loan and the filing of the instant action. Unlike the statute of limitations tolling principles do not apply to statutes of repose because they are meant to serve as a cut-off. *See Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991). As such, it is irrelevant whether or not the Plaintiffs received the disclosures because they are barred from recovering by the three-year statute of repose.

In sum, the statute of limitations and the statute of repose set forth in 15U.S.C. §§1635 and 1640 bar Plaintiff's TILA and HOEPA claims in this action.[2]

    2.  <u>Plaintiffs' RESPA Claims are Barred by 1- and 3-year Statutes of Limitations</u>

RESPA requires that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614. Section 2605 addresses the requirements of disclosures, while section 2607 covers fee splitting arrangements. Courts have held that the one- and three-year limitation periods begin to run on the date of the closing of them mortgage loan. *See e.g., Snow v. First American Title Ins. Co.,* 332 F.3d 356, 359–60 (5th Cir.2003); *Vatomanyuk v. Quality Loan Service Corp. of Wash.,* 699 F.Supp.2d 1242. 1244 (W.D.Wash.2010); *Palmer v. Homecomings Financial LLC,* 677 F.Supp.2d 233, 237

---

[2] In Plaintiffs' brief in opposition, they contend that federal regulations provide that there is no statute of limitations on willful violations of RESPA or TILA. This Court has been unable to locate any such provisions in the Code of Federal Regulations. However, even if such regulations do exist, Plaintiffs have pled no facts tending to show that Defendant, Wells Fargo – the only remaining defendant in this action -- willfully failed to provide the disclosures. As discussed above, Wells Fargo was not present at the loan closing, and, therefore, could not have willfully chosen to withhold the disclosures.

(D.D.C.2010); *Kamara v. Columbia Home Loans, LLC,* 654 F.Supp.2d 259, 265 (E.D.Pa.2009); *Poskin v. TD Banknorth,* 687 F.Supp.2d 530, 550–53 (W.D.Pa.2009).

In their Complaint, Plaintiffs do not specify which provisions of RESPA Defendants allegedly violated. They only complain that they were not given statutorily required disclosures. [Compl., ¶ 35]. Therefore, their claim would fall within the scope of Section 2605. According to the statute of limitations, Plaintiffs had three years from the time of the occurrence of the alleged violation to bring an action. Plaintiff alleges that the disclosure violations occurred during the closing on April 17, 2003; however, as indicated previously, Plaintiffs did not file their Complaint until December 3, 2010.

As such, the claims Plaintiffs bring under RESPA are time-barred, unless equitable tolling applies. The Sixth Circuit has not officially addressed whether equitable tolling applies to RESPA. However, it has recognized that many district courts have found tolling applicable. *See Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 421 n. 10 (6th Cir.2009) (collecting cases). A majority of the district courts have held that equitable tolling applies to RESPA claims for the 1– and 3–year statutes of limitations. *See, e.g., Minter v. Wells Fargo Bank, N.A.,* 675 F.Supp.2d 591, 594–95 (D.Md.2009); *Blaylock v. First American Title Ins. Co.,* 504 F.Supp.2d 1091, 1107 (W.D.Wash.2007); *Mullinax v. Radian Guaranty Inc.,* 199 F.Supp.2d 311, 328 (M.D.N.C.2002); *Pedraza v. United Guaranty Corp.,* 114 F.Supp.2d 1347, 1353 (N.D.Ga.2000); *Kerby v. Mortgage Funding Corp.,* 992 F.Supp. 787, 793–96 (D.Md.1998); *Moll v. U.S. Life Title Ins. Co. of N.Y.,* 700 F.Supp. 1284, 1286–89 (S.D.N.Y.1988). Additionally, as noted above, the Sixth Circuit has applied equitable tolling to the TILA. *See Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1041 (6th Cir.1984). Therefore, for purposes of Defendant's motion, the Court will assume that equitable tolling applies to RESPA, as well.

The Sixth Circuit has outlined five factors that are relevant when determining whether to toll a statute of limitations. These are: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendants; and (5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. Cnty. of Wayne,* 148 F.3d 644, 648 (6th Cir.1998). Additionally, as the Sixth Circuit noted in *Egerer v. Woodland Realty, supra,* in order to establish equitable tolling by the doctrine of fraudulent concealment, the plaintiff must allege and establish that: (1) defendants concealed the conduct that constitutes the cause of action; (2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and (3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action. *Egerer*, 556 F.3d at 422. Plaintiffs have failed to allege any facts that would establish entitlement to equitable tolling under either framework.

D.  PLAINTIFFS CANNOT OBTAIN THE RELIEF THEY SEEK IN COUNTS VI, VII AND VIII.

In Counts VI, VII, and VIII, Plaintiffs allege that the foreclosure sale should be reversed due to Defendant's alleged non-compliance with M.C.L. § 600.3204, *et seq.*, and seek an order quieting title to the Property in their favor and an injunction precluding their eviction.

Plaintiffs' claims fail in these Counts because, once the redemption period following the foreclosure of a property expired, their rights in, and title to, the property were extinguished, and they lost all standing to bring claims with respect to the property. This principle is well established in Michigan law.

In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court specifically held that the mortgagors in that case had "lost all their

rights, title, and interest in and to the property at the expiration of their right of redemption." *Id.* 302 Mich. at 185, 4 N.W.2d at 516. The *Piotrowski* standard has consistently been applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich., Oct. 29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D. Mich. Dec. 15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

While the redemption period can be tolled, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 656 (2007); *see also Sweet Air Investment, Inc, v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id.*, *quoting United States v. Garno*, 974 F.Supp. 628, 633 (E.D.Mich., 1997), (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405–406, 273 N.W. 747 (1937), and *Calaveras Timber Co. v. Michigan Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743 (1936)).)

In the present case, the redemption period expired on October 28, 2010. However, as indicated, Plaintiffs did not file this lawsuit until December 3, 2010, i.e., after the redemption

period had expired. Plaintiffs have not alleged or pled any facts that indicate that they timely attempted to redeem the property. Thus, unless Plaintiffs can make a "clear showing" of fraud or irregularity, no equitable extension of the redemption period is permitted and Plaintiffs will lack the necessary standing to challenge the foreclosure or eviction from the property.

In order to establish a claim for fraud or misrepresentation under Michigan law, a plaintiff must satisfy the following requisite elements:

(1) that the defendant made a material misrepresentation;
(2) that it was false;
(3) that when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion;
(4) that he made it with the intention that it should be acted upon by the plaintiff;
(5) that the plaintiff acted in reliance upon the false misrepresentation; and
(6) that the plaintiff thereby suffered injury.

*Aerospace America, Inc. v. Abatement Technologies, Inc.*, 738 F. Supp. 1061, 1068 (E.D. Mich. 1990) (citing *Hi–Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (1976)). Each of the above elements must be established proven by the plaintiff by clear, satisfactory and convincing evidence. *Id.; Youngs v. Tuttle Hill Corp.*, 373 Mich. 145, 147, 128 N.W.2d 472 (1964); *Hi–Way Motor Co. supra*, 398 Mich. at 336, 247 N.W.2d 813. Further, all of the elements must be found to exist; the absence of any one of them is fatal to recovery. *Hi-Way Motor Co, supra.*[3] Plaintiffs' bare allegations that the foreclosure notices failed to

---

[3] The Michigan requirements comport with the requisites of Fed. R. Civ. P. 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id*. The Sixth Circuit has further interpreted Rule 9(b) to require that a plaintiff allege "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted).

comply with M.C.L. § 600.3204, *et seq.*, do not come close to making the required strong showing of fraud.[4]

Further, even if Plaintiffs could make a showing that the foreclosure sale was somehow defective, they would not be able to set aside the sheriff's deed. In Michigan "a defect in notice renders a foreclosure sale voidable and not void." *Jackson Investment Corp. v. Pittsfield Prods. Inc.*, 162 Mich. App. 750, 756, 413 N.W.2d 99 (1987). The intent of the court's ruling in *Jackson Investment* was to give security to the title for real property and allow for an examination of whether any harm was caused by the defect. *Id.* Thus, a sheriff's sale should not automatically be nullified without first examining the harm suffered by the mortgagor or the interests of intervening third parties. *Id.* In a case where "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property," this is especially true. *Id. See also Sweet Air Investment, Inc. v. Kenney*, *supra,* 275 Mich. App. at 503 (holding that a defect in the foreclosure notice was insufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice). In *Sweet Air*, as in this case, the defendant property-owners waited until the plaintiff instituted eviction proceedings against them to challenge the foreclosure sale. *Sweet Air,* 275 Mich. App. at 503, 739 N.W.2d 656. The defendants made no effort to timely challenge the validity of the foreclosure sale or to redeem the property within the redemption period. *Id.* Based on those facts, the court concluded that no prejudice had been shown. *Id.*

---

[4] Plaintiffs also claim that the alleged misrepresentations that form the basis for Counts I and III -- i.e., that Greater Atlantic, the mortgage loan originator, misrepresented to them at the time of the loan origination that (1) the payments they would be making on the mortgage would fully amortize the loan, (2) they were being provided all "required notices and disclosures that were required by law", and (3) the conditions of the loan were fully disclosed -- entitle them to an order to quiet title. However, these bare allegations do not amount to a strong showing of fraud, either.

In the case at bar, Plaintiffs cannot show that they were prejudiced from any alleged defect in the notice. Plaintiffs waited until after the redemption period expired to challenge the validity of the foreclosure sale. Plaintiffs have not pled facts nor have they presented any evidence that the alleged defect in notice (1) prevented them from making a bid at the sale; (2) that they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan; or (3) that they attempted to redeem the property during the redemption period.

Plaintiffs contend that they were prejudiced because they "could not obtain a refinance within the redemption period because of the failure to notify them of the foreclosure sale." [Compl. at ¶ 52]. However, Defendant has presented true copies of published notices of the foreclosure on July 21, 2009, and on March 1, 8, 15 and 22, 2010, and an affidavit of a process server indicating that he posted a notice of the foreclosure on Plaintiffs' door before the foreclosure sale. *See* Defendant's Ex. C, pp. 3-5. Defendant further has provided an affidavit of Defendant's attorney-in-fact evidencing that Plaintiffs impliedly acknowledged receipt of notice by their actions, when pursuant to the first notice, they requested a meeting and, in fact, did meet with Wells Fargo pursuant to M.C.L. § 600.3205b in an attempt to obtain a loan modification to avoid foreclosure. *See* Defendant's Ex. C, p. 7. Plaintiffs have failed to provide any evidence that rebuts the Defendant's evidence as required by Fed. R. Civ. P. 56(e). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [their] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Based on the foregoing, the Court concludes that Plaintiffs have failed to establish any basis for setting aside the sheriff's deed. Summary judgment will, therefore, be granted in favor of Defendant on Counts VI, VII, and VIII.

## CONCLUSION

For the reasons set forth in this Opinion, the Court concludes that Plaintiffs have failed to state any claim upon which relief may be granted and Defendant is entitled to judgment as a matter of law. Therefore,

IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and/or for Summary Judgment [Dkt. # 2] be, and hereby is, GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiffs' Complaint be, and hereby is, DISMISSED, in its entirety, WITH PREJUDICE.

Let Judgment be entered accordingly.


Dated: March 27, 2012

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137